BECKER PAPER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4555.   Promulgated February 6, 1928.

*Lawrence A. Baker, Esq.,* and *Henry Ravenel, Esq.,* for the petitioner.

*Frank S. Easby-Smith, Esq.,* for the respondent.

OPINION.

SIEFKIN: In this case three men, who were not officers of petitioner but who held $26,200 of the $50,000 stock of the petitioner, were paid $6,600 each by the petitioner during the year 1921. These amounts, which were treated as salaries by the petitioner, were not authorized by the minutes but were given as the result of an understanding reached between the president of petitioner and the three men, with the approval of the directors of the petitioner at or just prior to the beginning of the year 1921. The three men also held a controlling interest in the Fisher Brothers Paper Co., a concern in a business of

526

the same nature as that of the petitioner, and were officers of that company.

Purchasing for the petitioner to the extent of more than 50 per cent of its total purchases was done through the Fisher Brothers Paper Co., which financed all purchases, received and stored all such goods purchased, delivered such goods to the petitioner as the latter needed them, and billed the petitioner for such goods at cost, less cash discount, which was allowed whether the petitioner made payment as required for the cash discount or not. Fisher Brothers Paper Co. made no charge to the petitioner for commissions, for services in purchasing, for handling or storing the goods, or for interest on the money. The three men aided the petitioner in its financial affairs, in part by advances of money and in part by assisting the petitioner in obtaining loans from a bank. These men also maintained contact with the management of petitioner to give it the benefit of their advice and counsel, but no definite or regular amount of time was devoted by any of them to any of the petitioner's affairs.

The respondent contends, (1) that the sum of $19,800 was paid either as a distribution of profits or (2) as payments to the three men in order to procure various services without charge from the Fisher Brothers Paper Co., which services could not otherwise have been secured except at great expense and which the controlling stockholders of that company had no right, as against minority interest, to cause the corporation to furnish without compensation; and (3) that in any event the payment was not a payment for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business as contained in section 234 (a) (1) of the Revenue Act of 1921.

With regard to the first contention, we find no evidence which would indicate that this payment was a distribution of profits, the respondent expressly admitting in his answer that the amount paid to the three individuals bore no relation to their stockholdings.

The second contention is based upon the theory that it was *ultra vires* of the Fisher Brothers Paper Co. to furnish services to petitioner and (presumably) for petitioner to pay stockholders of that company, as individuals, for such services. Such contention overlooks the fact that the individuals themselves, as such, rendered services to the petitioner. It would also require us to declare a transaction *ultra vires* without the presence before us of the party primarily interested. We do not feel justified in so holding.

This leads us to consider whether this payment of $19,800 was for ordinary and necessary expenses incurred during the taxable year, under section 234 (a) (1) of the Revenue Act of 1921.

In *Appeal of Messenger Publishing Co.*, 2 B. T. A. 30, we allowed as a deduction the amount paid by the petitioner to a customer whose officers assisted in establishing the business of the petitioner and which gave the petitioner considerable work and created a large field for the use of religious calendars which the petitioner printed.

In *Appeal of Alabama Coca Cola Bottling Co.*, 1 B. T. A. 837, we held that when the payment of a bonus in addition to regular salary is determined by contract between employers and employees, and if payments under such contract are reasonable in amount, they are allowable deductions from the income of the employer.

In *Appeal of W. H. Harris Grocery Co.*, 3 B. T. A. 216, we held that where the board of directors of a corporation voted additional compensation to its officers and employees, such additional compensation is properly deductible from gross income, although no formal minutes of the meeting were preserved.

In *Appeal of Reub Isaacs & Co.*, 1 B. T. A. 45, it was held that the petitioner was entitled to deduct reasonable extra compensation to officers and employees agreed upon by the directors before the end of the taxable year. In that case it was pointed out that formal action on the part of the corporation was not necessary to render it liable for salaries agreed upon informally by the directors.

We are of the opinion that the payment of $19,800 by the petitioner was an ordinary and necessary expense in carrying on the business of the petitioner. In view of the volume of the business of the petitioner and the apparent worth of the benefits flowing to the petitioner as the result of the agreement with these individuals we hold that this expenditure was reasonable, and an allowable deduction.

*Judgment will be entered for the petitioner.*